UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:24CR186 (SVN) |
| v. | : | |
| ANTHONY PENA | : | APRIL  22, 2025 |

### SENTENCING MEMORANDUM

The defendant, Anthony Pena, is scheduled for sentencing on May 8, 2025. He was initially arrested by Danbury Police Officers on August 25, 2024, the day of the crimes in question.  Shortly thereafter, on September 11, 2024, he was presented in this Court on a criminal complaint related to the same charges, which was followed by his indictment on September 24, 2024.  He has remained in custody since the time of his initial arrest. On January 10, 2025, he pled guilty to these charges before this Court.

By his plea, Anthony has fully admitted that he committed these crimes which bring him before the Court.  In so doing, he has acknowledged not only to this Court but also to his family and to the world, that he engaged in very serious and morally abhorrent actions.  He knows that what he did was wrong and that there can be no justification for his actions taken against S.C and R.C., the targets of the kidnapping in Danbury of August 25, 2024.  He is deeply ashamed of this conduct and cognizant of the harm that he caused to these two individuals. As far as his motivation which caused him to engage in this plot, he shamefully acknowledges that he acted out of greed, believing at the time that the kidnapping would result on a huge ransom payment by the victims' son, whom he believed to have been previously involved in an enormous crypto theft, and thus able to pay what would be demanded of him.  While Anthony did not

1

organize this scheme, much to his shame and sorrow, he did fully embrace it and actively seek to accomplish it.

Prior to this arrest, Anthony had no previous convictions and never served time in jail. He has a family that he loves and who love him, including his young daughter who is now five years old, as well as his father and mother and brothers and sisters, all of whom reside in Florida.  One of the co-defendants here is his younger brother Michael who has also plead guilty to these offenses.  One of Anthony's biggest shames and sorrows is that by engaging in these crimes, he failed to provide a better example to Michael and failed to deter him from being involved in this venture.  Prior to these crimes, Anthony prided himself as a worker and was, ever since dropping out of school to move in with the mother of his child, gainfully, albeit modestly, employed in a variety of jobs as detailed in the Presentence Report.

Since the time of his arrest, Anthony has been forced to examine his life and to accept that, contrary to what he previously thought, he was never in control of his drug usage which included marijuana, Percocet, Xanax and lean (a combination of prescription-grade cough or cold syrup containing an opioid and antihistamine drug with a soft drink or hard candy), on a daily basis.  While he fully knows that this is not an excuse or justification for his involvement here, he does recognize how his failure to previously address, or even acknowledge to himself, the fact of his addictions, is something that he needs to address now and in the future, if he is to assume his full responsibilities as a father, son, brother and a positive presence in the community. Another issue which Anthony acknowledges that he needs to address is his addition to gambling.  He is fully committed to these tasks and looks forward to getting involved in

programming with others so as to achieve and maintain his goal of living drug free.

Because Anthony has been housed in the New Haven Correctional Center since the time of his arrest, his opportunities for programming have been extremely limited. Fortunately, however, Anthony has been able to enroll in school and has been pursuing his GED for the past five weeks. He is quite proud of having passed one of the mandatory 4 examinations and is hopeful of passing the other three prior to being designated to a federal facility. In any case, he remains committed to securing his certificate and thus advancing his career when he finally completes his sentence.

In the plea agreement, Anthony has agreed that under the advisory Sentencing Guidelines, the range of sentencing is between 135 to 168 months of imprisonment. However, for the reasons set forth below, and those to be further presented at the time of his sentencing, we respectfully submit that a guideline sentence here is excessive under the standards set forth in 18 U.S.C. § 3553 and that a lower sentence is called for in this case.

As the Court is well aware, pursuant to that statute, the Court is required to impose, in each case, a sentence that is "sufficient but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. § 3553(a)(2). Those purposes reflect the need for the sentence that is imposed:

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).

In determining what sentence will best achieve these purposes in each case, the sentencing court is directed to consider the following factors:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The kinds of sentences available and the applicable sentence under the Sentencing Guidelines;

3. Pertinent policy statements issued by the Sentencing Commission;

4. The need to avoid unwarranted sentence disparities among similar defendants guilty of similar conduct; and

5. The need to provide restitution to any victims.

18 U.S.C. §§ 3553(a)(1), (a)(3)–(a)(7).

While the Court is required to consider the range of penalties suggested by the Sentencing Guidelines in determining the appropriate sentence in a given case, the Court is not bound by that range. *See United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, the Supreme Court has repeatedly reminded sentencing courts that "[t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009); *see also Rita v. United States*, 551 U.S. 338, 351 (2007) (emphasizing that the only "presumption of reasonableness" that applies to a Guidelines sentence is "an appellate court presumption," and that this presumption is not applicable in the initial sentencing analysis conducted by the District Court). Thus, while the Court must consider the recommendations of the advisory Guidelines, the Court may not presume that those

recommendations are reasonable. Instead, the Court must treat the recommended Guidelines range as only one among numerous factors in sentencing.

Finally, in determining an appropriate sentence, the sentencing court must apply the "parsimony clause" set forth in 18 U.S.C. § 3553(a), which provides that courts "shall impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. As the Second Circuit explained in *United States v. Ministro-Tapia*, 470 F.3d 137,142 (2d Cir. 2006), if the Court believes a lower sentence will be as effective as a higher sentence in serving the purposes of sentencing, it must choose the lower sentence.

As an initial matter, we ask the Court to fully take into account the discrepancy between the time that Anthony has previously served, which in this case is none, and the guideline range which is between eleven (11) to fourteen (14) years. In *United States v. Mishoe*, 241 F.3d 314 (2d Cir. 2001), decided prior to *Booker*, the Court recognized the authority of the sentencing court to consider the proportionality between the new sentence and the time previously served, in fashioning the ultimate sentence for a defendant. In some cases where a defendant has been repeatedly served time for prior crimes, an upward departure may be appropriate to ensure that the defendant gets the message. In other case, such as this matter, where there is no history of prior incarcerations, a lower sentence may well be appropriate. Here, we respectfully submit, the disparity between the lack of time served previously and the Guideline range in the plea agreement is so great that a below guideline sentence would be sufficient to both reflect the seriousness of the crime and serve to sufficiently deter Mr. Pena and other individuals from any such conduct in the future.

Anther factor that we ask the Court to consider is Anthony's age, twenty-three years old, at the time of his involvement in this crime. After extensive hearings and testimony, the Sentencing Commission recently addressed this issue and in amendment 829 of the Sentencing Guidelines, adopted November 1, 2024, it revised §5H1.1 of the Guidelines. In relevant part, that amended section of the Guidelines now provides:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development *into the mid-20's* and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation (emphasis added).

The circumstances of Anthony's life are fully described in the PSR and paint a picture of the very challenging environment of the neighborhoods that Anthony grew up in. In addition, Anthony's exposure to and history of youthful drug addiction is also a factor recognized by this Amendment, in terms of supporting a sentence below the suggested guideline range. Finally, the amendment recognizes that such youthful individuals often have an increased susceptibility to engage in impulsive behavior which was at issue here, as well as the fact that such youthful individuals are more susceptible to rehabilitation.

For all of these reasons, as well as those to be elicited at the sentencing hearing, we are asking the Court to consider and to impose a sentence below the Guidelines; a sentence which is as low as possible, after full consideration of all of the factors set forth

in 18 USC §3553.

                Respectfully submitted,

                THE DEFENDANT,
                ANTHONY PENA


                /s/ Michael O. Sheehan
                Sheehan & Reeve
                350 Orange Street, Suite 100
                New Haven, CT 06511
                (203) 787-9026 (phone)
                msheehan@sheehanandreeve.com
                Federal Bar No. ct 05450


## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this Sentencing Memorandum was filed electronically and sent by first-class mail, postage prepaid, to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.


                _____/s/_____
                Michael O. Sheehan